UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DELINA MACON, | ) | Case No. 1:23 MC 46 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION GENERAL | ) | |
| COUNSEL, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent | ) | AND ORDER |

*Pro se* petitioner Delina Macon filed this action against Social Security Administration General Counsel (Doc. No. 1). For the following reasons, this action is dismissed.

On October 26, 2023, Ms. Macon filed this action concerning Social Security benefits, which consists of the following documents: Motion for Delina Macon to Receive Survivor Social Security Benefits (Doc. 1); Motion to Correct Delina Macon Social Security Earnings Record and Hours (Doc. No. 2); Writ of Mandamus for Delina Macon to receive Survivor Social Security Benefits, Parental Social Security Benefits, Widow Social Security Benefits from the Social Security Administration (Doc. No. 4); Writ of Mandamus for the Social Security Administration to correct Delina Macon's Social Security Earnings Record and hours, age of retirement and retirement benefit

(Doc. No. 5); and Settlement Relief Information (Doc. No. 6).

As best the Court can discern, it appears that Ms. Macon is seeking Social Security benefits as the sole surviving heir of her father, Walter James Macon, who passed away in August 2019. Ms. Macon states that her father paid into Social Security for 40 years, yet he did not live to receive his benefits. (Doc. No. 1). She claims that she submitted an application for survivorship benefits in July 2022 but has received no response from the Social Security Administration. (*Id.*). Ms. Macon also states that she cares for her mother, who receives widow benefits. (*Id.*). Ms. Macon states that she receives no social security benefits while "other individuals [who] are not blood related are receiving social security benefits and that is unfair." (Doc. No. 4 at 3). She states that "people are lying, stating they are the 'son' or 'daughter' of Walter James Macon and receiving social security benefits." (*Id.*). Ms. Macon requests $250,000 "one-time lump sum payment." (Doc. No. 1).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction).

Additionally, federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed.

2d 603 (1990), and may dismiss an action over which it determines it lacks jurisdiction at any time. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir.1988). The plaintiff, or petitioner, has the burden of alleging sufficient information to establish a basis for federal subject matter jurisdiction. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect, which can be raised by the Court at any time. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

This Court lacks jurisdiction to consider Ms. Macon's purported claims concerning her lack of Social Security benefits. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides that an individual "after any final decision of the Commissioner made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g).

To establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a plaintiff must exhaust his or her administrative remedies, and (2) the Commissioner must issue a final decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). Before Ms. Macon may obtain judicial review of a claim for benefits, she must exhaust the four-step administrative process in the Social Security Administration: (1) initial determination, (2) reconsideration, (3) a hearing before an administrative law judge, and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a)(1)-(4). When she has completed these four steps, the agency will have made its final

decision and Ms. Macon may request judicial review by filing an action in a federal district court. *See* §§ 404.900(a)(5); 416.1400(a)(5). *See also Atkin v. Lewis*, 232 F.Supp.2d 770, 773 (N.D. Ohio 2002).

Here, Ms. Macon's documents make clear that this Court lacks jurisdiction over her case. Ms. Macon alleges that she filed an application for benefits, yet she has not yet received a response from the Social Security Administration. Ms. Macon has therefore not established that she has exhausted the administrative process, and the Commissioner has not issued a final decision on her application for benefits. Accordingly, the Court is without jurisdiction over Ms. Macon's case.

To the extent Ms. Macon is seeking mandamus relief, her claim fails. The All Writs Act, 28 U.S.C. § 1651, provides that "federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." It provides the Court with the power and authority to enter such orders as may be necessary to enforce and effectuate its lawful orders and judgments. *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970); *Hill v. U.S. Dist. Court N. Dist. of Ohio*, No. 3:13CV2119, 2014 WL 198800, at *3 (N.D. Ohio Jan. 15, 2014). The Act serves as a tool for the Court to adjudicate issues over which it otherwise enjoys subject matter jurisdiction. The All Writs Act does not create an independent source of jurisdiction. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002). As discussed above, this Court does not have jurisdiction over Ms. Macon's claim for Social Security benefits. Mandamus relief is therefore not available to her in this action.

## CONCLUSION

For the foregoing reasons, the Court dismisses this action for lack of jurisdiction. Further,

the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

    IT IS SO ORDERED.

                                                */s/ SOLOMON OLIVER, JR.*
                                                UNITED STATES DISTRICT JUDGE

February 12, 2024